**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

BRIDGETTE MARTIN, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

FORTIVA FINANCIAL, LLC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff Bridgette Martin brings this class action against Defendant Fortiva Financial, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Plaintiff, Bridgette Martin ("Plaintiff"), brings this class action for damages resulting from Fortiva Financial, LLC's ("Fortiva" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff, in violation of the Texas Debt Collection Act, Tex. Fin. Code § 392.001, et seq. (the "TDCA").

3. Defendant is a nationwide creditor. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications.

4. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts, Plaintiff notified Defendant in writing that she wished Defendant to cease further debt collection text messages.

5. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated her desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks actual damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for herself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (2) at least one member of the proposed class is a citizen of a state different from Defendant; and (3) the proposed class contains more than 100 members.

9. Plaintiff is a citizen of Texas. Defendant is a Georgia limited liability company with its principal place of business in Georgia. Accordingly, there is minimal diversity between Plaintiff and Defendant as required under 28 U.S.C. § 1332(d)(2).

10. The Court has personal jurisdiction over Defendant because Defendant sent debt collection text messages to Plaintiff within this District.

11. Venue is proper in this District in the acts that give rise to Plaintiff's claims, including but not limited to Defendant's sending of text messages to Plaintiff, occurred within this District.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Harris County, Texas.

13. Defendant is a Georgia limited liability company whose principal office is located at Five Concourse Parkway, Suite 300, Atlanta, GA 30328. Defendant is a creditor that directly engages in debt collection by attempting to collect consumer debts owed to Defendant.

## FACTS

14. Plaintiff incurred an alleged debt (the "Debt") arising out of transactions with the company.

15. The Debt also constitutes a "consumer debt" under Tex. Fin. Code § 392.001(2), as it is an obligation primarily for personal, family, or household purposes arising from a transaction.

16. Defendant also meets the definition of "debt collector" under Tex. Fin. Code § 392.001(6), as Defendant directly engages in debt collection.

17. On or about April 2026, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number (XXX) XXX-3037, from telephone numbers (877) 785-7908 and (470) 256-0409, in an attempt to collect the alleged Debt.

18. The text messages identified Defendant as the Creditor and the alleged balance owed. The messages directed Plaintiff to visit a website or call Defendant's phone number to resolve her account, and noted that they were attempts to collect debts.

19. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

20. On or about April 21, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that she wished Defendant to cease further communications with Plaintiff by responding "Stop" to Defendant's debt collection text messages sent from number (470) 256-0409, as shown below:






21. Despite Plaintiff's written communications requesting that Defendant cease further contact, and Defendant confirmation. Defendant continued to send Plaintiff debt collection text messages. Specifically, Defendant sent Plaintiff a debt collection text message from number (877) 785-7908 on April 22, 2026, as shown below:



22. Plaintiff's time was wasted tending to Defendant's text messages sent after she communicated her request that Defendant cease further communications.

23. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

24. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

25. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Class after they asked Defendant to cease its debt collection texts.

26. Defendant's text messages caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Class

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

28. Plaintiff brings this case on behalf of the Class defined as follows:

> **Texas Class: All persons within the State of Texas to whom Defendant or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the two year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication, in violation of Tex. Fin. Code § 392.302(4).**

29. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

31. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout Texas after receiving written communications asking it to cease contact. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

33. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a) Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease communications;

b) Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the TDCA;

c) Whether Defendant is liable for damages, and the amount of such damages; and

d) Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

37. A class action is the superior method for the fair and efficient adjudication of this controversy. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

38. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

39. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

40. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

41. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

42. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations Of the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4)**
**(On Behalf of Plaintiff and the Texas Class)**

43. Plaintiff repeats and re-alleges paragraphs 1–41 of this Complaint and incorporates them herein by reference.

44. The Texas Debt Collection Act ("TDCA") prohibits debt collectors from "oppress[ing], harass[ing], or abus[ing] a person" in connection with the collection of a debt. Tex. Fin. Code § 392.302. Section 392.302(4) specifically prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302(4).

45. Section 392.302(4) is "substantially similar" to its federal counterpart, 15 U.S.C. § 1692d(5), and courts may look to FDCPA harassment cases for guidance in interpreting this TDCA

provision. *Galarza v. TD Bank, N.A.*, No. SA-20-CV-00981-OLG, 2021 WL 8055654, at *2 n.3 (W.D. Tex. Nov. 2, 2021). Intent to harass may be inferred from the frequency, pattern, substance, and circumstances of the communications, including continued contact after a consumer has provided written notice revoking consent to receive further communications. *Id.* at *4.

46. Defendant's debt collection text messages to Plaintiff's cellular telephone are functionally equivalent to telephone calls for purposes of § 392.302(4). Under Texas law, telephone communications —including text messages— are treated as functionally equivalent to calls for harassment purposes. Each text message caused Plaintiff's cellular telephone to emit alerts, notifications, and vibrations at the called number, which is indistinguishable from "causing a telephone to ring" within the meaning of the statute. Defendant's conduct—transmitting repeated text messages to Plaintiff's cellular telephone after receiving multiple written cease communication requests—constitutes causing a telephone to ring repeatedly within the meaning of Tex. Fin. Code § 392.302(4).

47. Defendant's intent to harass Plaintiff is evidenced by the pattern and circumstances of its communications. Defendant confirmed that Plaintiff had been "unsubscribed" from further text messages, yet continued to transmit debt collection text messages through the same or related telephone numbers after such confirmation. This repeated conduct — continuing to contact Plaintiff after expressly confirming Plaintiff had been unsubscribed — demonstrates an intent to harass Plaintiff at the called number. *See Galarza*, 2021 WL 8055654, at *4.

48. Defendant engaged in the same or similar conduct with respect to members of the putative Texas Class.

49. As a result of Defendant's violations of Tex. Fin. Code § 392.302(4), Plaintiff and the Texas Class are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code §

392.403(a). Additionally, because Plaintiff successfully maintains this action, Plaintiff and the Texas Class are entitled to reasonable attorneys' fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

(a) Injunctive relief, actual damages, and reasonable attorneys' fees and costs as provided under the Texas Debt Collection Act, pursuant to Tex. Fin. Code § 392.403(a)-(b);

(b) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: May 21, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132

Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*